## No. 649.

### E. W. WARFIELD vs. GEORGE B. HAMLET, SHERIFF, ET AL.

The appellee has moved to dismiss this appeal because the appellant has not filed an assignment of errors. This is no cause for dismissing an appeal, except when the record brought up has not been duly certified by the clerk of the lower court as containing all the testimony adduced; or, to be more accurate, the failure to file an assignment of errors is not a cause to dismiss an appeal; but, on the contrary, the assignment of errors is a means to prevent the dismissal of a defective record.

The only judgment which could have been rendered, based on the failure of the plaintiff to appear and prosecute the suit, was one of nonsuit. Under the reconventional demand for damages, the defendants might have insisted upon a trial of the cause, notwithstanding the absence of the plaintiff, but they could not dismiss the main suit and try the reconventional demand afterward. Besides, a jury had been allowed in the case, and no trial could legally have been had without a jury, except by consent of parties.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. *Cobb & Gunby*, for plaintiff and appellee. *Morrison & Farmer*, for defendant and appellant.

LUDELING, C. J. The plaintiff obtained an injunction to restrain the execution of a *fieri facias*, issued on an alleged twelve-months bond. The grounds of the injunction are, that the instrument styled a twelve-months bond was not a twelve-months bond, but a mere private agreement, on which no execution could issue, and that no legal sale could be made according to the terms of the advertisement.

It appears that A. Guson, Jr., obtained a judgment for $806 57 against the plaintiff, and that, execution having issued thereon and having been placed in the hands of the sheriff, he was ordered to return it, for the reasons stated in the following sheriff's returns:

"Received in office, April 30, 1874; and on the first day of May, 1874; the plaintiff's attorneys having taken a consent twelve-months bond in favor of Lehman, Abrams & Co., owner of the judgment and writ in this case, executed before me, May 1, 1874, I, therefore, return this writ as

directed by Morrison & Farmer, attorneys for plaintiff, owner of the judgment."

The writ enjoined was issued under this instrument, and the property was advertised for sale for cash, without appraisement.

On the day fixed for the trial of the injunction, the plaintiff and her attorneys were called at the door of the court-house, and, having failed to appear, the suit appears to have been dismissed on motion of the defendants. But, notwithstanding this action, the defendants appear to have gone on with the trial of their reconventional demands for damages; and there was judgment in favor of the plaintiff in execution against the plaintiff and her sureties for ten per centum special damages, and twenty per cent general damages. From this judgment the plaintiff and her surety appeal.

The appellee has moved to dismiss this appeal, because the appellant has not filed an assignment of errors.

This is no cause for dismissing an appeal, except when the record brought up has not been duly certified by the clerk of the lower court, as containing all the testimony adduced; or, to be more accurate, the failure to file an assignment of errors is not a cause to dismiss an appeal; but, on the contrary, the assignment of errors is a means to prevent the dismissal of a defective record. C. P. 895, 896, 897. In this case the record is duly certified, and no defect in the transcript is alleged.

The defendants admit in their brief and argument that, on their motion, the plaintiff's suit was dismissed under article 536 of the Code of Practice. They say "there was no trial of the plaintiff's injunction. * * * There could not be such a trial. It is prohibited by article 536 C. P."

Without adopting the legal conclusion of the defendants' counsel, we assume the *fact* to be as stated by both plaintiff and defendants, that the suit was dismissed on defendants' motion because the plaintiff failed to appear to prosecute the suit. The only judgment which could have been rendered, based on the failure to appear and prosecute the suit, was one of nonsuit. "If, after the cause has been set down for trial, the plaintiff does not appear, either in person or by attorney, to plead his cause on the day fixed for trial, the defendant *may require* that *judgment of nonsuit* be rendered against such plaintiff. But such judgment can not be pleaded as *res judicata*, or in bar of another suit for the same cause of action: provided, the plaintiff show that he has paid the costs of the first suit." C. P. 536.

Under the reconventional demand for damages, the defendants might have insisted upon a trial of the cause, notwithstanding the absence of the plaintiff. 5 An. 298; 11 An. 287, 305; 3 La. 103. But they could not dismiss the main suit under article 536 and try the reconventional

demand afterward. Besides, a jury had been allowed in the case, and no trial could legally have been had without a jury, except by consent of parties.

It is therefore ordered and adjudged that the judgment of the lower court be amended by annulling so much thereof as allows damages in favor of the defendants, but without prejudice; and that, as thus amended, the judgment be affirmed. It is further ordered that the costs of appeal be paid by the appellee.