ST. PAUL, J.
 

 Plaintiffs importuned defendants to grant them an oil lease on certain property already under lease to other parties.
 
 *29
 
 Defendants at first refused to grant the lease, but were finally persuaded to do so on the assurance that they had everything to gain and nothing to lose, as plaintiffs would take all the risk of annulling (if possible) the other lease on the property, and that there would be “no comeback” whatever upon them. They, received $4,500 for the new lease.
 

 Plaintiffs were not successful in annulling the first lease, and now bring this suit to recover from defendants the $4,500 which plaintiffs paid them as the consideration for the lease.
 

 The lease itself makes no mention of the 'agreement aforesaid, to wit, that plaintiffs took the lease at their own risk and peril, and that there was to be “no comeback” whatever against defendants. But the evidence is conclusive that such was the understanding of the parties, and that this provision was left out of- the lease purely through inadvertence; that such a clause was contained in a first and again in a second draft of the lease, but was left out accidentally when a third draft of the lease, became necessary because of some changes in other details of the lease.
 

 “It is a rule of universal jurisprudence that parol evidence will be heard to show error in a contract; it is susceptible of such proof only, and under proper allegations [which were made in this case], parties will be heard to show that a valid existing instrument, from accident or error does not contain the real intention and meaning of the parties. The rule has been frequently considered, by this court, and has been invariably applied in that sense.” Armstrong v. Armstrong, 36 La. Ann. 549.
 

 It is clear that the parol evidence was properly 'admitted in this case. And that evidence shows (as above said) that there was to. be no warranty even for the restitution of the price received ; for plaintiffs were aware of the danger of'eviction and purchased the lease at their own risk and peril. R. C. C. art. 2505.
 

 The trial judge' properly rejected the demand of plaintiffs.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.