BRUNOT, Justice.
 

 This is an ordinary suit for an alleged indebtedness of $3,264. The judgment appealed from rejects the plaintiff’s demands at his cost.
 

 Nelson Bros., a partnership, under contract with the' Louisiana highway commission, paved state projects Nos. 4000 and 4600, located in Lincoln parish, La. The defendant entered into a written contract with the plaintiff for the use of the latter’s mules and equipment in its construction work on said projects. The contract is as follows:
 

 “Monroe, La., Sept. 26,1929.
 

 “An agreement entered into this the 26th day of September, between Nelson Bros, and M. S. McGuire, of Monroe, La. McGuire is to furnish the following equipment, of which he is the owner, to Nelson Bros, for work on projects No. 4600 and No. 4000, between Monroe and Ruston, Louisiana:
 

 21 head of mules, all workable.
 

 10 Slips
 

 6 Fresnoes
 

 1 Western Road Plow and bitch.
 

 1 Finishing plow.
 

 4 Wheeled scrapers (2nd hand)
 

 “For the above Nelson Bros, is to pay M. S. McGuire the sum of $30.00 (thirty) dollars for each week day, beginning Friday, September 27th, Sunday excepted and not counted. Nelson to buy (3) three new Western Wheeled Scrapers, and upon completion of jobs, wheelers are to become property of M. S. McGuire.
 

 “[Signed] Nelson Bros.
 

 “By Harry B. Nelson.
 

 “Accepted 9-26-29
 

 “M. S. McGuire.”
 

 “P. S. In event any mules are worked on Sunday Nelson Bros, are to pay M. S. McGuire $1.00 per head per day in excess of the amount named below.
 

 “[Signed] H. B. Nelson.”
 

 Nelson Bros, used McGuire’s mules and equipment for twenty days, and, because McGuire appeared on the work daily under the influence of liquor and retarded the work of his teams, the defendant, after using the plaintiff’s teams and implements for twenty days, paid the plaintiff, as per the contract, for that period of time, and returned them to the plaintiff.
 

 The issue presented is whether or not the contract with the plaintiff was one for the use of plaintiff’s mules and implements, per day, or for the time required for the completion of defendant’s contract with the highway commission. We think the lower court correctly held that the contract was not for any fixed period of time, and that it was terminable at the option of either party thereto. An attempt was made to show that the written contract does not express the true intent of the par-ties. In the case of Bank of Napoleonville v. Knobloch
 
 &
 
 Rainold, 144 La. 100, 80 So. 214, this court said:
 

 
 *305
 
 “When persons commit their agreements to writing, their intentions cannot be sought outside the four corners of the written instrument.”
 

 The plaintiff does not allege error in the contract. Therefore the case he relies on, Atlas Oil Co. v. Logan, 166 La. 28,116 So. 582, is against his contention. In that case, the rule is announced that if,
 
 under proper allegations,
 
 the written instrument does not, from accident or error, express the real intention of the parties, parol proof may be offered to show that intention.
 

 For the reasons stated, we think the judgment appealed from is correct, and it is therefore affirmed, at appellant’s cost.