## BELL v. LEÏENDECKER.*

### No. 5294.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

J. B. Herold, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee.

HAMITER, Judge.

Plaintiff herein, being desirous of obtaining the construction of a dwelling house on a certain lot in the city of Shreveport owned by her, signed, on August 14, 1935, a deed conveying said property un-

*Rehearing denied Dec. 11, 1936.

to J. A. Leiendecker, defendant herein, for a recited consideration of $90 cash.

On that same date, the defendant Leiendecker executed a separate instrument in plaintiff's favor in which he contracted and agreed to furnish all labor and materials to build and erect a house on the lot, for the consideration of $1,341.43, and to convey the property to plaintiff on her finally paying the above consideration, which was payable at the rate of $15 per month with 8 per cent. interest on the unpaid balance, and also certain stipulated taxes and insurance.

Both instruments were passed before the same notary and were recorded in the Conveyance Records of Caddo Parish. A certified copy of each is attached to plaintiff's petition.

In this proceeding plaintiff seeks judgment against Leiendecker ordering and decreeing: (1) That the execution of the two instruments constitute one contract evidencing a loan by the said Leiendecker to plaintiff for the building of the house; (2) that Leiendecker is not the owner of the property, and that the purported act of sale from petitioner to him only constitutes a mortgage or other form of pignorative contract; (3) judgment for the sum of $200 as attorney's fees incurred by her in prosecuting this suit.

Defendant, in his answer, excepted to plaintiff's petition as disclosing no cause of action, averred the execution of the deed and contract and the performance of his agreement, and, besides praying for the rejection of plaintiff's demands, asked in reconvention to be decreed the owner of the lot and improvements, that the building contract be declared satisfied and canceled, and that plaintiff be ejected from the property.

The district judge, when objection was made by defendant during the trial of the case, refused to permit the introduction by plaintiff of parol testimony to change or alter the terms and provisions of the written instruments on the ground that the petition did not contain proper allegations of fraud or error.

At the conclusion of the trial, and after plaintiff failed to produce written or documentary evidence to establish an agreement different from that contained in the two instruments, judgment was rendered and signed sustaining the exception of no cause of action and dismissing plaintiff's suit. There was also judgment rec-

ognizing defendant as the owner of the lot, with all buildings and improvements thereon, subject to the building contract attached to plaintiff's petition, and dismissing defendant's other reconventional demands as of nonsuit.

Plaintiff then appealed from the judgment. Defendant has answered the appeal, praying that such judgment be amended so as to decree him entitled to the possession of the property.

Counsel for appellant recognizes the well-settled principle of law that parties are presumed to embody in their written contract all that was said prior to and at the time of its signing, in relation to the subject-matter thereof, and that neither party is permitted to show that the contract was other than as written, except on proper allegations of error, fraud, or mistake, supported by convincing proof. Garland v. Dimitry, 167 La. 262, 119 So. 42; Kaplan v. American Cotton Oil Co. (C.C.A.) 12 F.(2d) 969.

But he earnestly contends that the allegations of the petition herein are sufficiently broad to permit the introduction of proof of fraud and error. And in this connection, he directs our attention to the case of Hill v. Maguire, 19 La.App. 798, 140 So. 169, 172, wherein this court held that:

"It is not necessary that the pleading allege fraud in direct terms; the charge may be sufficiently made by stating the facts from which fraud is necessarily implied. The term 'fraud' need not be used in the pleadings if facts are averred which show fraud as a conclusion of law."

In giving consideration to the petition in this case, we find plaintiff's allegations of fact to be, in substance, as follows: Prior to August 14, 1935, she entered into negotiations with defendant Leiendecker with a view of borrowing money for the improving of the property. She was told by him that the proper method of financing the building was the simultaneous execution of the deed by her to him for an asserted cash consideration, and of an instrument by defendant obligating himself to build the house on the property, stating the cost of the house and the terms on which said sum so advanced by Leiendecker should be repaid by her. A deed was to be executed in her favor on final payment. She is a negro woman without any education, and Leiendecker is an experienced business man in whom she placed implicit trust and confidence. She relied upon his representations and her confidence in him and executed the two instruments. She is living on the property and the same constitutes her home.

These factual allegations, in our opinion, do not of themselves disclose that error existed between the parties or that fraud has been practiced on plaintiff through the method employed to afford proper security for the funds advanced by defendant. She trusted Mr. Leiendecker and acceded to his suggestion as to the manner of financing the construction of the house. There is nothing inherently or impliedly fraudulent in a transaction whereby the person financing the contemplated building requires that the title to the land and improvements vest in him until reimbursement of his expenditures, and the payment of his anticipated profits. Especially is this true where the value of the land is considerably less than that of the building constructed. Such a financial arrangement can be and is often prompted by the honest intention and desire of the person advancing the funds to protect himself against possible expensive and sometimes long-delayed judicial proceedings in the event of nonreimbursement.

Besides the allegations of fact to which we have above alluded, the petition also charges that "in truth and in fact, the said instruments were executed as one contract for the purpose of evidencing the loan as aforesaid, and that to hold that the instrument purporting to be a sale from her to Leiendecker was a sale and a conveyance of the property would constitute a fraud upon her." Plaintiff's counsel particularly refers us to this charge as sufficiently alleging fraud. The first part of the allegation, if it is to be considered as one of fact, is contradicted by the certified copies of the separate instruments annexed to the petition. If not so considered, it and the remaining portion are mere conclusions of the pleader, and, even though setting up fraud, are insufficient to justify the admission of parol testimony to contradict the documents in question. In the Hill Case, supra, we said:

"Plaintiff's counsel take the position that there was no fraud or error alleged by defendant, and hence the parol evidence is inadmissible and cannot be considered. We disagree with counsel in these conclusions. It is true the terms 'fraud' and 'error' are not specifically mentioned, but

even if they had been used, without alleging the facts which constitute such fraud or error, such allegations would have been mere conclusions of law and insufficient for the reception of proof in substantiation thereof."

The difference between the Hill Case, supra, and the one at bar with respect to the matter under consideration is that there the facts alleged disclosed a strong case of fraud, while here no fraud or error is revealed by the allegations of fact.

Our attention has also been called by plaintiff's counsel to the case of Atlas Oil Co. v. Logan et al., 166 La. 28, 29, 116 So. 582. In that case oral evidence was admitted to show that the existing instrument did not contain the real intention of the parties. However, as stated by the court, proper allegations were made to support such proof.

It is our opinion, therefore, that the trial court properly sustained defendant's exception of no cause of action at the conclusion of the trial.

We think, however, that it was in error in recognizing defendant as the owner of the property under his reconventional demand. It is obviously inconsistent for a defendant litigant to urge the dismissal of plaintiff's suit under an exception of no cause of action, and at the same time seek to receive affirmative relief under his reconventional demand. Furthermore, should the plaintiff herein institute another suit to be decreed the owner of the property, and make allegations which would allow introduction of the oral proof which she sought to offer in this case, she would be greeted with a judgment, previously rendered against her, recognizing defendant to be the owner.

The Supreme Court, in Picard Construction Co. v. Board of Commissioners of Caddo Levee District, 161 La. 1002, 1010, 109 So. 816, 819, stated:

"Accordingly, the reconventional demand falls with the dismissal of the main demand on exception, for a defendant cannot insist that a suit be dismissed and at the same time retained for the purpose of trying a reconventional demand. McMillan v. Lorimer, 160 La. 400, 107 So. 239; Warfield v. Hamlet, 28 La.Ann. 814. In other words, this court passes upon the exception as of the time, and in the condition in which the case was when the exception was filed, and, since an exception of no cause of action is always triable exclusively upon the face of the petition, it follows that the answer and reconventional demand are no part of the case when the exception is passed upon."

Accordingly, the judgment of the trial court is amended by dismissing all of defendant's reconventional demands, as of nonsuit, and, as thus amended, it is affirmed.

Appellant shall pay the costs in both courts.

DREW, J., concurs.