SAMUEL, Judge.
On June 11, 1959, plaintiff filed this suit for $4,570.00, the alleged total amount of money loaned to, and the value of items purchased for, the defendant by plaintiff. In due course exceptions were filed and overruled, a bond for costs was posted, an answered filed, and the case was set for trial on October 26, 1960.
Upon being called for trial on October 26, 1960, the case was continued by the district court, with preference, on motion of plaintiff’s counsel because of the absence of plaintiff, a seaman. The case was again set for trial on November 16, 1960, and again was continued on a plaintiff motion based on the same reason, plaintiff’s absence. It came for trial the third time on December 7, 1960, and was again continued on a plaintiff motion because of his absence. On the last mentioned date, at the request of her counsel, the testimony of the defendant, a 78 year old woman in poor health, was taken and perpetuated. This testimony appears in the record and is completely favorable to the defense.
The case was again set for trial on January 18, 1961, and on that date counsel for plaintiff again moved for a continuance *165 based on the same grounds as were his prior motions. Counsel for defendant • objected to the granting of another continuance and moved that the court enter a judgment of non-suit against the plaintiff. The record does not reveal that any assurance was given the trial court, in connection with this or any of the other motions for a continuance, as to when plaintiff would be prepared to go to trial. The record and admissions in argument and brief reveal that plaintiff was at sea on the last trial date.
The district court granted defendant’s motion and rendered judgment against plaintiff, dismissing the latter’s suit as in the case of non-suit and without prejudice. Plaintiff has appealed from this judgment, praying that the same be set aside and the case remanded to the district court for trial. Defendant died after the appeal was perfected and proceedings were taken in this court for the purpose of making the ad-ministratrix of her succession a party to the appeal. Counsel for both sides have stipulated during argument that the defendant is properly before this court.
The judgment of non-suit was rendered under the authority of LSA-Code of Civil Procedure Article 1672, which reads as follows :
“A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice.”
We note that the instant case does not fall within the literal wording of the above quoted article, which provides that the judgment “shall” be rendered upon application of any party “when the plaintiff fails to appear on the date set for trial.” Here plaintiff did not fail to appear for trial; he was represented by counsel who was present in court and, appearance by a party being either personally or through his counsel of record, plaintiff did make an appearance. LSA-C.C.P. Arts. 7 and 1672, comment (g). However, we consider this as being unimportant in the instant case.
 The trial court had two motions before it, one by the plaintiff for a continuance, and the other by the defendant for a judgment of non-suit. In the face of defendant’s objection to the requested continuance, the action taken by the trial court in granting the second motion and dismissing the suit, and considering the number of previous continuances granted because of the absence of plaintiff and the fact that plaintiff could not be permitted to cause his case to remain pending indefinitely, it is quite clear that the court, quite properly, could and would have refused plaintiff’s last motion for a continuance and required him to proceed with the trial if that motion had been the only one before the court. Whether or not a continuance should be granted is a matter left to the sound discretion of the trial court and the action of the judge in regard thereto will not be interfered with unless it clearly appears that the discretion has been abused. LSA-C.C.P. Art. 1601; Gillentine v. McLeod, La.App., 70 So.2d 384.
It is also clear from the record and from the argument before this court that plaintiff was totally unprepared to proceed with the trial; there is no indication that his counsel intended to present any witness other than the plaintiff himself. Thus the only result which could have been reached by what would have been a valid refusal of the motion for a continuance would have been a dismissal of the suit, the same result reached by the judgment appealed from.
Plaintiff has suffered no irreparable or substantial harm. Pie could, and can, file a new suit. We conclude that the judgment should not be disturbed.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.