SAVOY, Judge.
Plaintiff has appealed a judgment of the district court dismissing his suit with prejudice as to some of the defendants in the instant case.
Plaintiff filed a suit in tort against La-clede Steel Company; the partnership of J. B. Mouton and Sons, and its individual partners, William J. Mouton, Francis R. Mouton and M. B. Billeaud; and Stainless, Inc., for injuries received while working for Allied Construction Company in erecting a television transmission tower. He alleged acts of negligence on the part of the above named defendants. All of the defendants were served personally except Stainless, Inc. which was served through the Secretary of State.
All defendants filed answers except Stainless, Inc. (which, at the time the instant suit was dismissed, had not received notice of service, but the Secretary of State had been served with the petition on August 14, 1963).
At the request of the defendants who filed answers, the case was fixed for trial. Counsel for plaintiff asked for a continuance on the ground that no service had been made on Stainless, Inc. The district court apparently fixed the motion for hearing on September 9, 1964. According to the Minutes of the court of September 9, 1964, counsel for plaintiff did not appear to argue his motion for continuance. Counsel for the defendants who filed answers were present in court with their witnesses, ready for trial.
The court then dismissed the suit with prejudice as to defendants, J. B. Mouton and Sons, and the individual partners, and also as to Laclede Steel Company.
LSA-C.C.P. Article 1672 states:
“A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice.”
While the Minutes are not too clear, it is apparent that the motion for a continuance was to be heard on September 9, 1964, prior to trial on the merits. Counsel for plaintiff concedes that the case had been set for trial on September 9, 1964, despite his request to the contrary. He contends that the trial judge abused his discretion in not allowing plaintiff a continuance in view of LSA-C.C.P. Article 1601, which provides:
“A continuance may be granted in any case if there is good ground therefor.”
In view of the fact that counsel for plaintiff did not appear in court on September 9, 1964, and did not contact the trial judge in connection with his non-appearance, LSA-C.C.P. Art. 1601 is not applicable; *269 and, the district judge had the authority to dismiss the case under the provisions of LSA-C.C.P. Art 1672.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.