CULPEPPER, Judge.
Odell Maxie, as administrator of the estates of his two minor children, filed this suit for damages for personal injuries sustained by the minors in an automobile accident. The defendant is Hartford Accident & Indemnity Company, liability insurer of plaintiff’s own automobile, which plaintiff was driving, and in which the two minors were passengers.
On the day set for trial on the merits, plaintiff did not appear personally, but he did appear through his counsel of record. On motion by defendant, the trial judge dismissed plaintiff’s suit with prejudice. Plaintiff appealed.
The issue is the correctness of the district court judgment in dismissing plaintiff’s suit under LSA-C.C.P. Article 1672, which reads as follows:
“A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice.”
We have concluded that plaintiff’s appearance through his counsel of record constituted an appearance within the meaning of LSA-C.C.P. Article 1672. Official Revision Comment (g) under this article reads as follows:
“The language in the indirect source of this article referring to the failure of the plaintiff to appear ‘either in person or by attorney’ has not been retained in this article, as it is unnecessary. Appearance by a party is always either personally or through his counsel of record. Cf. Art. 7, supra.”
*166 The “indirect source of this article” referred to in Comment (g) quoted above, is Code of Practice, Article 536 which reads in pertinent part as follows:
“Judgment of nonsuit — Force and effect. —If, after the cause has been set down on the docket for trial, the plaintiff does not appear, either in person or by attorney, to plead his cause, on the day fixed for trial, the defendant may require that judgment of nonsuit be rendered against such plaintiff, with costs.”
LSA-C.C.P. Article 7, of course, provides in pertinent part that a party makes a general appearance when he appears “either personally or through counsel”.
This identical issue was considered in Berger v. Johnson, 141 So.2d 164 (La.App. 4th Cir. 1962). The court quoted LSA-C. C.P. Article 1672 and then held:
“We note that the instant case does not fall within the literal wording of the above quoted article, which provides that the judgment ‘shall’ be rendered upon application of any party ‘when the plaintiff fails to appear on the date set for trial.’ Here plaintiff did not fail to appear for trial; he was represented by counsel who was present in court and, appearance by a party being either personally or through his counsel of record, plaintiff did make an appearance. LSA-C.C.P. Arts. 7 and 1672, comment (g).”
This court construed LSA-C.C.P. Article 1672'in Wilson v. Laclede Steel Company et al., 173 So.2d 267 (La.App. 3rd Cir. 1965). In the Wilson case, unlike the present matter, plaintiff did not appear either personally or through his counsel of record. We affirmed the district court judgment dismissing plaintiff’s suit with prejudice.
Defendant argues in the alternative that in the event we find the district court erroneously applied LSA-C.C.P. Article 1672, we should dismiss plaintiff’s suit under an exception of no right or cause of action which it filed in the district court. The record shows that this exception was overruled by the district judge.
The exception is not before us on appeal. The lower court ruling on the exception is an interlocutory judgment which does not cause irreparable injury, LSA-C. C.P. Article 2083. Defendant’s rights under its exceptions are protected by its right to appeal from any adverse judgment on the merits.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein.
Reversed and remanded.