LeSUEUR, Judge.
This action is predicated upon an automobile-pedestrian accident which occurred in December, 1963. It is now prosecuted by the heirs of the original plaintiff, who were duly substituted upon his demise. The merits of the cause have never been tried and are in no way relevant to the issues before this court.
The case was set for trial on six occasions — May 10, 1965, October 25, 1965, January 6, 1966, March 28, 1966, June 20, 1966 and April 1, 1969. On each day, save the last, it was continued. The trial court denied a motion for continuance in open court on that day, and upon oral motion of the defense, dismissed the case with preju *744 dice when the plaintiffs were unable to proceed to trial. The plaintiffs have appealed.
The plaintiffs argue first that a trial court is without authority to dismiss so long as “an appearance” is made pursuant to LSA-C.C.P. Art. 1672, and in view of Rule 13 of the Civil District Court for the Parish of Orleans; and second, the plaintiffs contend that the denial of a continuance constitutes a breach of the discretion of the trial court. Finally, they maintain that any dismissal entered should have been without prejudice. The defendants support the trial court in all respects, urging in essence a trial judge has what the defendants describe as general powers to dismiss a suit.
We find it difficult to agree with either argument.
At the outset, we cannot accept the premise that any court has a “general power to dismiss”. We do not question, however, the authority of a trial judge to dismiss with or without prejudice for failure to prosecute at trial. This authority is, for example, specifically treated in Article 3519 of the Civil Code, which provides:
“If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened. (As amended Acts 1954, No. 615, § 1; Acts 1960, No. 30, § 1.)
The questions are, then, where does the authority lie and what principles govern its use. We believe it is implicit in the structure of LSA-C.C.P. Art. 1672 and in the statutory discretion of the trial judge to deny a continuance (LSA-C.C.P. Art. 1601).
LSA-C.C.P. Art. 1672, reads as follows:
“A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice.”
It is obviously true that the language of the Article refers only to the failure to appear. It is equally true the Article literally construed has little functional value. Surely, this is the case if the Article requires no more than that a party or an attorney drop by on the day of trial, bid the court good morning and leave.
The same may be said of the discretion to grant or deny a continuance. If a trial judge is without authority to dismiss for failure to prosecute at trial his authority to deny continuance on that date for that calise is meaningless. Good sense and the rational approach to procedure essential to the implementation of our Code demand more. We believe that LSA-C.C.P. Art. 1672 requires that a plaintiff not only appear but also that he proceed with his case if ordered to do so by the court. We are reinforced in this view by the language of older decisions which speak of the obligation to appear and prosecute. See Saunders v. Mangum, 42 La.Ann. 770, 7 So. 715, and Warfield v. Hamlet, 28 La. Ann. 814, both decided under Art. 536 of the Code of Practice, the forerunner of LSA-C.C.P. Art. 1672. We are also guided by the holding (though not the language) of this court in Berger v. Johnson, La.App., 141 So.2d 164 (4th Cir. 1962).
We do note that the duty to proceed or to plead one’s cause was more definitively set out in the language of Art. 536 of the Code of Practice, which provided:
“If, after the cause has been set down on the docket for trial, the plaintiff does not appear, either in person or by attorney, to plead his cause, on the day fixed for trial, the defendant may require that judgment of nonsuit be rendered against such plaintiff, with costs.
* * * ”
The comments, however, to Art. 1672 make it clear that there was no intent to change the law.
*745 We are aware that this holding is, at the very least, inconsistent with dicta found in Levy v. Stelly, La.App., 230 So.2d 774 (4th Cir. 1970); Maxie v. Hartford Ins. Co., La.App., 212 So.2d 165 (3rd Cir. 1968); and Berger v. Johnson, supra. We are, of course, not bound by dicta. And while we are reluctant to take issue to the relevant language our analysis of Art. 1672 leaves no choice.
The use of this authority lies con-cedely within the sound discretion of the trial judge, as does the question of prejudice and the denial of the continuance. Unfortunately, we are unable to determine whether or not this case presents an abuse of discretion. The defendants assert, by brief, that the plaintiffs requested a continuance on six occasions (including April 1, 1969). The plaintiffs assert to the contrary, that on all of these occasions, except two, the case was continued by the court, which did not reach it on the day of the trial by virtue of it being placed fifth on the call docket. The record does not clarify the question. Plaintiffs’ counsel also alleges that he was unable to secure the attendance of certain parties (heirs of the original plaintiff) but there is no showing as to the necessity of their appearance or of the feasibility of testimony by deposition. Under these circumstances, we feel constrained to remand the case so that the trial judge can review these facts as a matter of record, and then take whatever action seems proper with reference to dismissal and prejudice.
Accordingly, the dismissal entered by the trial judge is set aside and the case is remanded to the trial court for proceedings consistent with this opinion; costs to await the final disposition of the case.
Remanded.
CHASEZ, J., concurs.