262 So.2d 62 (1972)
Vardaman CASTON
v.
WOMAN'S HOSPITAL FOUNDATION, INC.
No. 8745.
Court of Appeal of Louisiana, First Circuit.
April 17, 1972.
Rehearing Denied May 29, 1972.
*63 Charles Wilson, Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, for appellant.
Donald R. Weber, Baton Rouge, for plaintiff-appellee Vardaman Caston.
John S. White, Jr., Kennon, White & Odom, Baton Rouge, for third party-defendant T. B. Bennett.
Philip Schoen Brooks, New Orleans, for third party-defendant Burton M. Battle.
Before LOTTINGER, SARTAIN, and ELLIS, JJ.
ELLIS, Judge:
This is a suit for damages for breach of an oral contract allegedly entered into by plaintiff Vardaman Caston and defendant Woman's Hospital Foundation, Inc. Defendant answered, denying liability, and bringing in Burton M. Battle, its former administrator as third party defendant. Mr. Battle answered, denying liability and impleaded T. S. Bennett, Chairman of the Board of Directors of the defendant Foundation. After trial on the merits, judgment was rendered in favor of plaintiff and against defendant for $8,450.00, and denying both third party demands. From that judgment, defendant has appealed, both as to the judgment against it and the denial of its third party demand against Mr. Battle. Plaintiff has answered the appeal, asking for an increase in the award to him.
The facts of the case are largely undisputed. Plaintiff is a part time professional photographer. He approached T. B. Bennett, with whom he had been acquainted for a number of years, about photographing all babies born in the hospital. Mr. Bennett liked the idea and suggested that plaintiff set up an appointment with Mr. Battle to discuss the matter further. Mr. Bennett also called Mr. Battle and told him he thought the idea was good, and that, if he agreed, to go ahead with it.
On about December 1, 1968, plaintiff and Mr. Battle met to discuss the proposition. An agreement was reached that plaintiff would take photographs of all babies born in the hospital, furnishing all equipment and materials necessary, that he would handle all sales thereof, and the collections for same, and pay the defendant 30% of the gross amount received. In return, the defendant was to permit him to keep his photographic equipment in one of the nurseries, and furnish him the assistance of nurses or nurses' aides in loading and unloading film from the camera, and in taking the photographs.
*64 It is clear that no definite agreement was ever reached as to the term of the contract. Plaintiff was of the opinion that he had an agreement under which he would operate on a year to year basis, which would have to be renewed annually by mutual consent. According to Mr. Battle, he felt that the term was indefinite so long as the service, quality of pictures and the public relations aspects of the program were satisfactory.
The record further reveals that the contract was not unusual. Mr. Battle had worked in two other hospitals which had similar arrangements, and Mr. Caston had been involved in the same type of program at a third hospital.
After arriving at his agreement with Mr. Battle, plaintiff ordered the special photographic equipment necessary, and began his operations shortly after the beginning of 1969. When he had been in operation for only a few days, the chief of the pediatric service at the hospital noticed the camera in the nursery and ordered it removed. Shortly thereafter, Mr. Caston was told that he could no longer take any photographs in the hospital. This suit followed.
Defendant objects to the judgment of the trial court in a number of respects. He first claims that Mr. Battle was without authority to enter into the contract. There is nothing in the record as to the specific authority which Mr. Battle possessed as administrator of the hospital. He was of the opinion that he had the authority to enter into the contract, and the actions of Mr. Bennett, who was Chairman of the Board of Directors, would seem to bear this out. The record also supports the conclusion that the service of photographing new born babies in a hospital is neither unusual or difficult to carry out. We find that Mr. Battle did, in fact, have the authority to enter into a contract for photographic services with plaintiff. See Article 3000, Civil Code.
Defendant also argues that there was no contract between the parties because there was no agreement as to its term, because it was founded on a potestative condition, and because of an implied condition.
As to the first point, the stipulation of a term is not necessary to the existence of a valid contract. Article 1779 of the Civil Code provides as follows:
"Four requisites are necessary to the validity of a contract:
"1. Parties legally capable of contracting.
"2. Their consent legally given.
"3. A certain object, which forms the matter of agreement.
"4. A lawful purpose."
We have already found that Mr. Battle had the authority to enter into such a contract. Except as to the term, there is no disagreement as to the mutual rights and responsibilities of the parties, which are detailed above, and which were agreed to by both parties. There is certainly nothing unlawful in the purpose of the contract. The potestative condition referred to by defendant is that there is nothing in the contract to bind plaintiff to take the photographs, or to sell them. We cannot agree with this conclusion. If plaintiff had failed to do so, he would have breached the contract, and been liable in damages to defendant, which stood to net about $8,000.00 per year.
Finally, the nullity of the contract is claimed because of an implied resolutory condition that the operation would not interfere with the effective administration and operation of the hospital or expose the babies to the danger of infection. The record does not reveal one instance in which plaintiff did any of these things, either personally or indirectly. It is clear that the operation was stopped, not because of the above reasons, but because some of the doctors objected for other reasons. Once these objections were made, no attempt was ever made by defendant to resolve *65 any differences or difficulties which might have existed. The objections advanced by defendant, that there was a shortage of hospital personnel or that there was a danger of infection, were not within the power of plaintiff to control.
We find that there was a valid commutative contract between the plaintiff and defendant, and that the contract was breached by the defendant.
Plaintiff further contends, however, that, because there was no specific term for the contract, it was for an indefinite period, and terminable at any time at the option of either party, citing McGuire v. Nelson Bros., 177 La. 302, 148 So. 56 (1933). We find the case to be inapposite, since it deals with a contract to furnish equipment on a day to day basis.
We think the applicable law is expressed by the Supreme Court in Daily States Pub. Co. v. Uhalt, 169 La. 893, 126 So. 228 (1930), in which the court said:
".... the contract then must be considered as being one sui generis, as it does not fall clearly under any specific classification. From its very nature we think it one terminable upon the giving of reasonable notice. There is nothing strange that, in a contract of the nature of the present one, suggesting uncertainty as to the successful or satisfactory operation of the arrangement, the contract should contemplate its termination upon the giving of reasonable notice."
What constitutes reasonable notice must be determined in the light of the facts of the particular case. We have no difficulty in concluding that reasonable notice was not given in this case, since no notice whatsoever was given.
On the question of damages, plaintiff testified that he would have a net profit of $3.42 for each set of photographs sold. About 350 babies per month were born at the hospital, and the testimony indicates that about 90% of the parents would have bought the pictures. Plaintiff also testified that he bought $1,900.00 worth of special equipment in order to do the photographic work.
Plaintiff claims that he lost about $13,000.00 per year in profits, and that he is stuck with some expensive photographic equipment for which he has no use and which is hard to sell. Defendant contends that the whole claim is speculative and that only a nominal award should be made, and no award for the purchase price of the equipment. The trial court agreed to some extent with both parties and awarded $7,500.00 based on the assumption that the contract was for one year. He also awarded one half of the cost of the equipment.
We find that the plaintiff should be able to recover what he would have made during a period equal to the "reasonable notice" to which he would have been entitled had the hospital properly notified him of its intent to terminate the contract. Considering his initial investment and the expected profits which would have accrued, we find that six months notice would have been reasonable. The record supports a finding that plaintiff would have made a profit of $6,500.00 in that period. We do not believe that any award can be made for the purchase price of the equipment or any part thereof. Plaintiff still has the equipment, and has made no attempt to sell same. Since he is receiving his profit on the minimum operating period, he cannot also recover for the cost of the equipment which he would have had to acquire in order to earn the profit.
The judgment appealed from is amended by reducing the amount thereof to $6,500.00, and as amended it is affirmed, at defendant's cost.
Amended in part, and as amended is affirmed.