342 So.2d 1278 (1977)
U.S. MACHINE AND EQUIPMENT COMPENY
v.
KERSCHNER AIR CONDITIONING AND HEATING COMPANY, INC.
No. 7870.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
*1279 Dodge, Friend, Wilson & Spedale, Elmer G. Gibbons, III, New Orleans, for plaintiff-appellant.
Walter R. Fitzpatrick, Jr., New Orleans, for defendant-appellee.
Before LEMMON, STOULIG and BOUTALL, JJ.
LEMMON, Judge.
This is an appeal from the dismissal of plaintiff's suit for the reason stated in the judgment as follows: "After the court having had the above named suit on the docket for the fourth time and the plaintiff being absent, the court dismissed the suit of the plaintiff . . ." The judgment also stated that plaintiff's attorney was present. The record contains no minute entry or note of evidence as to the circumstances surrounding the dismissal. However, the record does show that plaintiff set the case for trial four times and obtained continuances on the three earlier settings, and that no requests for subpoenas were filed for any of trial dates fixed.
In brief and in argument before this court plaintiff's attorney relates the following version of events leading up to the dismissal: The third continuance was necessary when C. B. Knight, manager of Rabenhorst Funeral Home, became unable to appear on the scheduled trial date. The suit involved an oral agreement between plaintiff and defendant relating to removal from the funeral home of an air conditioning unit and generator which defendant had purchased, and Knight was allegedly present when the agreement was made. On the night before the fourth scheduled date counsel received a telephone call from Frank Darden, plaintiff's officer, informing him that Knight again would be unavailable. Counsel stated he would attempt to obtain another continuance, but instructed Darden to be ready to drive from Baton Rouge on short notice in the event that it was necessary to proceed without Knight. Counsel was unsuccessful in reaching defendant's lawyer until the next morning, at which time defendant's lawyer opposed the continuance. In a subsequent conference in chambers the trial judge stated he would not grant a continuance, at which time counsel indicated he would proceed to trial without Knight but would need a two-hour delay so that Darden could drive from Baton Rouge. The trial judge consented to the delay and took the bench to attend to other matters. While counsel was in chambers telephoning Darden, he was sent a message that the case had been dismissed. When counsel entered the courtroom, the trial judge confirmed the fact that the case had been dismissed.
In support of his request for appellate review, counsel should have taken some steps at some time to get into the record the facts upon which he relied.[1] Nevertheless, because complaints of arbitrariness of a trial judge are routinely considered by *1280 this court in applications for supervisory writs based only on counsel's verified statement of facts (which could give rise to severe consequences if untrue), and because we have concluded the judgment of dismissal was proper under the facts asserted by plaintiff, we prefer to dispose of the matter on the merits rather than on the basis of the record deficiency.
As to the denial of the requested continuance, plaintiff had previously been granted three continuances, the defendant was present and ready to proceed, and no subpoena had been issued for plaintiff's material witness (Knight) whose unavailability precipitated the request. Under these circumstances we find no abuse of discretion in the denial.
Plaintiff's request for a two-hour delay to obtain Darden's presence essentially was a request for a continuance for a shorter period of time. There is no indication why Darden was not present, and if the trial judge had initially refused the request for a two-hour continuance, we would not have considered such action an abuse of discretion under the circumstances. By the same token, we conclude that the trial judge did not abuse his discretion when, after ordering a two-hour delay, he recalled and vacated that order before anyone took detrimental action in reliance on the order. While plaintiff asserts that defendant did not object to the short delay, the trial judge is the one who must control his docket, and the circumstances did not compel the granting of a two-hour continuance even if unopposed.
Finally, plaintiff's counsel argues that he was not afforded an opportunity to proceed without Knight and Darden (although he does not contend he had other witnesses present with which he could begin the trial). Citing C.C.P. art. 1672, counsel argues that his appearance constituted an appearance by plaintiff within the contemplation of the article and thus prevented dismissal under the article.[2]
C.C.P. art. 1672 simply mandates dismissal upon motion when the plaintiff has made no appearance, personally or through counsel. While arguably the article could be interpreted conversely to prohibit dismissal when the plaintiff does appear, such an argument emasculates C.C.P. art. 1601's implicit authority to deny a continuance if no good ground exists and militates against the inherent power of a trial judge to take whatever reasonable actions are necessary to maintain control of his docket. Indeed, a trial judge's authority to deny a request for a continuance would be rendered meaningless if an attorney could appear without his client or other witnesses on the date fixed for trial, present an unfounded request for continuance and, after denial of the request, successfully oppose a dismissal because of his mere appearance.[3] See Lewis v. New York Fire & Marine Underwriters, 233 So.2d 743 (La. App. 4th Cir. 1970). The more reasonable approach is that when a trial judge reasonably exercises his discretion in denying a continuance, mere appearance of plaintiff's counsel, unaccompanied by a readiness to proceed to trial if required to do so, does not prevent dismissal of the action. Indeed, the trial judge in the present case would have acted with complete inconsistence if, after denying the continuance, he would have refused to dismiss the case and thus effectively granted a continuance.
We distinguish Maxie v. Hartford Accident & Indem. Co., 212 So.2d 165 (La.App. 3rd Cir. 1968), which reversed a dismissal of the plaintiff's suit, holding that appearance through counsel constituted an appearance under C.C.P. art. 1672. The court there quoted the article's indirect source (Code of Practice art. 536), which applied when "the plaintiff does not appear, either in person *1281 or by attorney, to plead his cause . ." Presumably in the Maxie case, plaintiff's attorney was ready to proceed to trial without his client, and defendant (who moved for dismissal) apparently had no objection to this procedure. In the present case there is no indication that plaintiff's counsel was ready to proceed to trial without either the material witness or his client.
We therefore conclude that the mere appearance of plaintiff's counsel, without witnesses and obviously unable to proceed in the event of denial of the requested continuance, does not preclude dismissal of the action.
Defendant answered the appeal, seeking damages for a frivolous appeal. Plaintiff was reasonable in requesting, either by appeal or by application for supervisory writs, a determination as to whether the trial judge abused his discretion in denying the continuance and dismissing the matter. We cannot say that plaintiff in taking this appeal was insincere or did so solely for the purpose of delay.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] Many avenues were available such as a note of evidence by counsel at the time of the dismissal, a request for a narrative of facts by the trial judge, a motion for new trial, etc.
[2] C.C.P. art. 1672 provides in part:

"A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial."
[3] Arguably, a plaintiff's counsel could appear with other witnesses and be ready to proceed, having scheduled plaintiff's appearance for later in the trial. These facts, however, are not asserted in this case.