377 So.2d 878 (1979)
David BROWER
v.
QUICK SERVICE BODY SHOP et al.
No. 10389.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1979.
Wayne G. Cresap, New Orleans, counsel for plaintiff-appellant.
Vial, Vial & Lemmon, Leon C. Vial, III, Hahnville, counsel for defendant-appellee.
Before BOUTALL, GARRISON and CHEHARDY, JJ.
BOUTALL, Judge.
Plaintiff, David Brower, appeals the dismissal of his suit without prejudice.
Brower sued Quick Service Body Shop for damages arising out of alleged failure to properly repair his Dodge pick-up truck. The defendant reconvened asserting the repairs had been properly made, and sued for the contract price plus damages. The case was first set for trial on motion of defendant's attorney for January 9, 1978. Plaintiff's attorney moved for a continuance pleading he was engaged in defense of another case on that date. Trial was re-set and again continued on plaintiff's motion that he was a deep-sea diver working offshore and could not appear at trial. The case was continued to May 10, and plaintiff again filed motion for continuance on the same ground asking for an additional 45 days. The court granted continuance to September 6. On September 6 the matter was continued to November 30 without explanation.
When the matter was called for trial on November 30, the attorney for plaintiff was present but plaintiff was absent and had no witnesses. The attorney moved for a continuance which was denied. He was then ordered to proceed and when he could not, plaintiff's suit was dismissed without prejudice at his cost. Plaintiff appeals contending that he was entitled to a continuance. We affirm.
Code of Civil Procedure Article 1601 provides that a continuance may be granted in any case if there is good ground therefor. Considering the numerous requests for continuance, the lack of a showing that plaintiff's absence was involuntary or even that his absence was unexpected, and the fact that no witnesses had been subpoenaed, we conclude the trial court was justified in its action. Appellant relies on the case of Gillentine v. McLeod, 70 So.2d *879 384 (La.App.Orleans 1953) that continuance should be granted unless there are strong reasons for its refusal. The numerated reasons are very strong reasons for this refusal.
Because plaintiff's attorney could not proceed forward, the trial judge dismissed his suit as of non-suit. C.C.P. Article 1672 provides for dismissal when plaintiff fails to appear on the day set for trial. In the case of U. S. Machine & Equipment Company v. Kerschner Air Conditioning & Heating Company, Inc., 342 So.2d 1278 (La. App. 4th Cir. 1977) we held that the mere appearance of plaintiff's counsel without witnesses and obviously unable to proceed in the event of denial of request for continuance did not preclude dismissal of action. The trial judge has the inherent power to take whatever reasonable actions are necessary to maintain control of his docket. In this case it would appear that plaintiff would go on forever having the matter continued because of his voluntarily refusing to appear. We agree with the dismissal.
For the reasons assigned, the judgment is affirmed.
AFFIRMED.