BARRY, Judge.
Victor Raphael appeals the dismissal of his unlawful discharge suit against the School Board because he and his attorney did not appear for trial.
THE RECORD
The record has been reconstructed and is problematic.[1] On April 10, 1985 Raphael, represented by Overton Thierry, sued the School Board alleging that he was illegally discharged from his job as a security counselor. In a February 15, 1989 joint motion to withdraw and enroll, John Dorsey withdrew and Douglass Culp enrolled.[2] Culp simultaneously filed a motion to set for trial on the merits. On February 21, 1989 the trial court denied the motion and in a letter to Culp explained that the record did not contain a motion to withdraw by Over-ton Thierry. A subsequent motion filed by Culp to set the trial on the merits was granted on April 20, 1989.
The trial court set a pre-trial conference at 8:30 a.m. and trial at 9:00 a.m. on June 7, 1989. On April 25, 1989 the School Board filed a motion to continue, and on June 2, 1989 the pre-trial conference and trial were rescheduled for August 16, 1989. A notation written on the School Board’s motion indicates that Culp was not present at the scheduling conference, but the record includes the June 2, 1989 trial order setting the pre-trial conference at 8:30 a.m. and the trial at 9:00 a.m. on August 16, 1989. The notice of trial shows that notice was sent to Culp and the School Board.
On August 15, 1989, one day before the scheduled trial, a facsimile of a motion for a continuance signed by Culp was filed. A typed motion for a continuance filed the same day had “/s/” next to Culp’s name. The motion states that Raphael was in Los Angeles at a previously scheduled convention.
On August 16, 1989 the matter was called for trial. The trial judge noted that *750 Culp was not present, had not reported to the court that morning, and had not telephoned. Counsel for the School Board was ready for trial. The trial judge asked if anyone was present on behalf of Raphael or Culp and there was no response. The trial judge noted that Raphael and Culp were absent and that Culp told opposing counsel and the court’s staff that he was under the impression that the June 2, 1989 order set a pre-trial conference for August 16, 1989, not a trial.
The trial judge said that the motion for a continuance was filed August 15, 1989 at 3:30 p.m., but was not signed by Culp. Because a pleading must be signed by a member of the Bar, the judge said there was no basis to continue the trial and dismissed the case.
On August 15, 1989 Culp filed a motion for a new trial which was denied October 30, 1989. Culp’s memo stated a different reason for requesting a continuance:
Plaintiff’s counsel had entered settlement negotiations with counsel for the defendant and was hopeful that a proposal could be arrived at that would make it possible to settle the case without the necessity of a trial. Plaintiff’s counsel needed additional time in which to gather the facts and law necessary to making [sic] a viable settlement proposal, and therefore moved for a continuance of the trial and counsel for defendant indicated he had no objection.
On November 30, 1989 Culp filed a motion to appeal the denial of his new trial motion. On May 7, 1990 he filed in this Court a motion to remand the appeal (# 90-CA-0637) to the trial court because there was no final judgment and no transcript of the proceedings. On June 11, 1990 this Court dismissed the appeal and reserved to Raphael the right to obtain a signed judgment and renew the appeal process.
On February 22, 1991 the trial court signed a judgment which states that Raphael was not present and was unrepresented on August 16, 1989 when the case was called for trial, and the case was dismissed due to the failure of plaintiff or his counsel to appear. On March 15,1991 Culp filed a motion and order for appeal of the February 22, 1991 judgment.[3] On May 3, 1991 present appellate counsel enrolled to represent Raphael.
Raphael submits three arguments:
(1) that a party to a case is a material witness whose unavailability for trial without his contrivance constitutes a peremptory ground for continuance;
(2) under extreme circumstances, a facsimile copy of a signed pleading should be accepted in lieu of the signed original and the party’s attorney must be given an opportunity to sign the pleading to cure the defect;
(3) that a party’s suit cannot be dismissed for failure to comply with a court order unless the conduct involved was committed by the party and was willful and in bad faith.
ANALYSIS
We will first consider Raphael’s third and most persuasive argument.
Raphael argues that he was not in bad faith and he should not be held accountable for his attorney, Culp, who improperly represented him and antagonized the trial judge. According to Raphael, Culp informed him that only a pre-trial conference was scheduled on August 16, 1989, his attendance was not necessary, and he could attend the convention in California. Raphael submits that under the circumstances his absence was excusable and dismissal of his suit was inappropriate.
La.C.C.P. art. 1672 A provides in pertinent part:
A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
The attorney for the School Board did not move to dismiss; in fact, he had no *751 objection to a continuance. Importantly, the judgment does not state that the matter was dismissed with or without prejudice.
Jurisprudentially, dismissals have been affirmed without a motion to dismiss when the plaintiff did not appear for trial even though plaintiff’s counsel was present but unable to proceed. The rationale is that the trial court has inherent power to take whatever reasonable action is necessary to maintain control of its docket. See Brower v. Quick Service Body Shop, 377 So.2d 878 (La.App. 4th Cir.1979); U.S. Machine and Equipment Company v. Kerschner Air Conditioning and Heating Company, Inc., 342 So.2d 1278 (La.App. 4th Cir.1977).
The effect of this dismissal is to impose the ultimate sanction on Raphael who was not responsible for his absence on the day of trial. There is no evidence that Raphael knew of the trial date; to the contrary, he was informed his presence was not required. The trial judge stated on the record that Raphael’s former counsel, Culp, had informed the court’s staff that he mistakenly thought that only the pre-trial conference was scheduled.
It is clear that Culp did not notify Raphael of the trial date. Affirmance of the dismissal would punish Raphael for the misdeeds of his counsel. Finding merit in this argument, we pretermit discussion of Raphael’s other two specified errors.
We are authorized to render any judgment which is just, legal and proper on the record. La.C.C.P. art. 2164 and its Official Revision Comments. See also Grand Isle Campsites, Inc. v. Cheek, 262 La. 5, 262 So.2d 350 (La.1972); Norman v. City of Shreveport, 141 So.2d 903 (La.App.2d Cir. 1962).
In the interest of justice and equity, we reverse the dismissal and remand for further proceedings consistent with this opinion.
REVERSED; REMANDED

. The record contains a certificate of the Clerk of Court for Civil District Court Clerk notifying this Court that the record had to be reconstructed.

. The record lodged here does not contain a motion to withdraw by Overton Thierry. However, the original record must have contained such a motion in order for the trial court to grant the second motion to set the trial.

. The record contains only a reduced, xeroxed copy of the March 15, 1991 motion and order for appeal.