Dear Representative John:
You have requested an opinion of the Attorney General regarding a contract entered into on March 19, 1970, between the Department of Highways of the State of Louisiana (now DOTD) and the Parish of Acadia (Parish). You ask whether the Parish can legally terminate said contract.
The contract provides for DOTD, with the assistance of the U.S. Bureau of Public Roads to install a roadway lighting system within the Parish at the interchange of Routes I-10 and La. 13. Upon its completion, the contract requires the Parish to assume its maintenance and operation. A review of the contract reveals that it contains no term.
It is my understanding from our telephone discussion on Tuesday, May 10, 1994, that the Parish no longer wishes to pay for the maintenance and operation of the lighting system. I was advised by Gerald Ray, Director of Management and Finance for DOTD that if the Parish fails to finance the maintenance and operation of the system, DOTD will have no other alternative but to remove the system. Mr. Ray also informed me that, in connection with this project, DOTD entered into a contract with the Federal Highway Administration for the procurement of federal funds to assist in the installation. Under the terms of this contract, should the lighting be removed due to the Parish's failure to maintain same, the Federal Highway Administration has the right to recover from DOTD those federal funds used in the installation.
As noted above, the contract in question has no term. LSA-C.C. Art. 1778 provides with regard to the term for performance, the following:
 "A term for the performance of an obligation is a period of time either certain or uncertain. It is certain when it is fixed. It is uncertain when it is not fixed but is determinable either by the intent of the parties or by the occurrence of a future and certain event. It is also uncertain when it is not determinable, in which case the obligation must be performed within a reasonable time."
While we have been unable to find a case on point, it is the opinion of this office that a contract by a public body which is indefinite is contrary to public policy. The Parish has, for the past 23 years, fulfilled its obligation under the contract by funding the maintenance and operation of the system. We are of the opinion that it has fulfilled its obligation over a period of a "reasonable time" and may terminate the contract upon giving reasonable notice. Caston v. Woman's Hospital Foundation, Inc., 262 So.2d 62 [262 La. 1087] (La.App. 1st Cir. 1972). Writ Refused.
Parenthetically, it should be noted that the Parish's resolution adopted on November 12, 1969, authorizing the installation of the system contains the following provisions:
 "WHEREAS there have been several serious accidents at the interchange of I-10 and Louisiana State Route #13, at least one resulting in a fatality, and
 WHEREAS the Acadia Parish Police Jury is of the opinion that the lighting of this interchange would lessen to a great degree the chances of future accidents, therefore,
 BE IT RESOLVED by the Acadia Parish Police Jury in regular session duly convened on this 12th day of November, 1969, does hereby agree to pay all light bills and maintain all light standards, providing the Louisiana Department of Highways will install the necessary lighting system at said interchange."
In light of the above language, this office strongly recommends that, prior to the removal of the lighting system, the Parish should consider the potential exposure of the police jury and its members, individually, to possible liability in the event an accident or accidents occur as a result of poor visibility. We further recommend that the Parish examine the possibility that it may be called upon to reimburse DOTD for any federal funds used in the installation of the system.
As a funding alternative, the Parish may wish to consider creating a consolidated road lighting district pursuant to R.S.51:1301, et seq.
Should you have any additional questions concerning this matter, please do not hesitate to contact me.
With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
BY: ROBERT E. HARROUN, III Assistant Attorney General RPI/Rob3/bb cc: Mr. Dennis Decker Federal Hwy. Administration Mr. Gerald Ray DOTD Ms. Sharon Lyles, Esq. DOTD 0324R