DOMENGEAUX, Judge.
This matter is before us on an Exception of No Cause of Action which was filed by the defendant-appellee and which Exception was sustained by the trial court, and judgment rendered dismissing plaintiff-appellant’s suit.
A review of the record shows that plaintiff’s suit in the District Court is entitled “Suit for Return of Money” and was filed under Civil Docket No. 80,429 of said court and it is alleged therein that defendant is indebted to plaintiff in the amount of $337.-03; that on March 20, 1962 plaintiff filed a suit in the same District Court under Civil Docket No. 57,781 thereof, against the same defendant for the sum of $1,193.07 because of work performed for said defendant which had not been paid; that the defendant admitted owing plaintiff only the amount of $337.03 and accordingly deposited that amount in the Registry of the Court to pay plaintiff’s claim in full; that on May 28, 1970, defendant moved for and obtained a dismissal of plaintiff’s Suit No. 57,781 on the ground that same had been abandoned for the reason that no step in the prosecution thereof had been taken for more than five years prior thereto; that on June 4, 1970, by ex parte motion and order, the $337.03 which defendant had originally deposited in Suit No. 57,781, was returned to defendant; it is finally alleged that the amount deposited by defendant was and is the property of plaintiff and was wrongfully obtained by defendant. The petition prays for judgment against defendant for the referred to amount of $337.03.
Defendant’s Exception is based on the proposition that plaintiff refused to prosecute Suit No. 57,781 for over five years and refused to accept the sum tendered therein, and thereby abandoned any claim he may have had to the sum deposited.
It is well settled that in giving consideration to an Exception of No Cause of Action, the allegations of fact contained in the petition must, for the purpose of the trial of the exception, be accepted as true and that the exception addresses itself to the sufficiency in law of the petition and the exhibits attached thereto-. Clark v. Reed, La.App., 122 So.2d 344, and cases cited therein.
Accepting as true the allegation of plaintiff’s petition, the defendant, in a prior proceeding was sued for $1,193.07. Defendant admitted owing $337.03 and deposited this amount in the Registry of the Court, apparently under the provisions of Civil Code Art. 2167 et seq. Following plaintifff’s abandonment of his suit and the dismissal thereof, defendant requested and was authorized to withdraw the amount tendered.
Defendant secured a formal dismissal of plaintiff’s first suit under the authority of Article 561 of the Code of Civil Procedure, which provides in pertinent part as follows:
“An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other *542 interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. * * * ”
When the plaintiff allowed his suit to be dismissed because of non-action for a period in excess of five years, he also abandoned his right to judgment for the amount deposited in the Registry of the Court. Plaintiff did notl accept the tender made by defendant and thus abandoned any right he may have had to it when he allowed his suit to be dismissed. As a consequence, the parties are placed in the same position in which they were prior to the filing of suit. A suit dismissed is the same as if it had never been instituted and the rights of the parties are in the same situation as they were before inception of the suit. State v. C. S. Jackson & Co., 145 La. 250, 82 So. 213; McMillan v. Lorimer, 160 La. 400, 107 So. 239. A dismissal of suit as of non-suit restores matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint. Neal v. Hall, La.App., 28 So.2d 131.
Interpreting the foregoing, we conclude that the defendant was entitled to the return of her tender and that the plaintiff, barring prescription, may commence his actions (claim in Suit No. 57,781) as if the original suit had never been filed. The tender by the defendant was no more than an admission of liability to a specified amount and certainly the plaintiff could have obtained judgment for the amount admitted owing, if he had so desired. However, he refused the tender and abandoned any claim he may have had to it by allowing his suit to be dismissed by lack of action or abandonment during the five year statutory period. When the suit was declared abandoned and dismissed, he had no further claim to the amount deposited in the court except through the filing of a new suit for the same cause of action, provided prescription has not run on his claim. We, of course, express no opinion on the question of prescription.
Additionally, as shown in plaintiff’s petition herein the tender made was to pay plaintiff’s claim in full. The fact that the sum tendered was for less than the amount demanded would deprive the tender from being characterized as legal tender under C.C. Art. 2168(3). See also McCasky Register Co. v. Smith, 13 La.App. 557, 128 So. 189; Pichauffe v. Naquin, La.App., 241 So.2d 574, and cases cited therein.
Appellant contends further that when the defendant deposited the money in the Registry of the Court, she thereby created an implied agency or mandate in his favor, and this agency could not be revoked without appellant’s consent. This contention has no foundation in law. The tender made was no more or no less than a judicial admission that a certain amount was owed by the defendant to the plaintiff, and according to the petition herein was tendered to pay plaintiff’s claim in full. The refusal of the plaintiff to accept the amount tendered constitutes a refusal to accept the tender as payment in full of her claim, and consequently the dismissal of plaintiff’s suit as referred to hereinabove necessarily carries with it a return of the amount tendered to the tenderer. Plaintiff, once having refused the tender, cannot now accept the tender, having allowed his suit to be dismissed.
For the above and foregoing reasons, the judgment of the trial court sustaining appellee’s Exception of No Cause of Action is affirmed, at appellant’s costs.
Affirmed.