LINDSAY, Judge.
Plaintiff, Harold M. Woodard, appeals the judgment of the trial court denying the withdrawal of funds from the registry of the court in excess of the sum awarded to plaintiff in his workers’ compensation action against defendants, George Cole Chevrolet, Inc., Terry Burke Chevrolet, Inc. and Commercial Union Insurance Company.
The record reveals that on August 20, 1981, plaintiff instituted a workers’ compensation action against the defendants alleging that he was totally and permanently disabled as a result of a myoligamentous back sprain.
Immediately prior to the date of trial, defendants deposited the sum of $10,000.00 into the registry of the court. In their “Motion Tendering Monies into the Registry of the Court”, defendants alleged that settlement negotiations had commenced soon after the filing of plaintiff’s petition and a tentative settlement agreement was reached, which plaintiff subsequently rejected. Defendants stated that “... in order to compromise this claim and (to) encourage the Petitioner to voluntarily dismiss this lawsuit, Defendants do hereby tender to this Court the sum of TEN THOUSAND AND NO/100, ■ ($10,000.00), DOLLARS.” The motion further provided that plaintiff was allowed “... to withdraw said sum at any time without prejudice to (his) rights in this lawsuit....” (Emphasis added)
After a trial on the merits, the trial court dismissed the plaintiffs demands for compensation. Plaintiff then appealed the judgment of the trial court rejecting his demands for compensation to this court. See Woodard v. George Cole Chevrolet, Inc., 444 So.2d 1367 (La.App. 2d Cir.1984). This court found that the plaintiff had sustained the impairment of a physical function under LSA-R.S. 23:1221(4)(p). Plaintiff was awarded $60.00 per week for 100 weeks from May 30, 1980, which benefits were awarded with legal interest from the date of judicial demand on each weekly amount until May 9, 1983 (the date of the deposit into the registry of the court), and subject to a credit of $250.00 for the two weeks that plaintiff was paid his weekly guarantee in lieu of compensation by his employer. Defendants were not assessed with penalties and attorney’s fees as the court noted that defendants were not without a sound basis in law or in fact for disputing the total and permanent disability and refusing to pay benefits for such disability. Further, the defendants paid wages in lieu of compensation and paid the medical bills as well as depositing funds in the registry of the court which would have paid plaintiff more than the minimum § 1221(4)(p) benefits.
The appellate judgment was rendered on January 16,1984. Plaintiff took no further action and the judgment subsequently became final.
On March 1, 1984, plaintiff filed a motion to withdraw the total sum of $10,000.00 from the registry of the Court even though this exceeded the amount awarded in the judgment. In response, defendants, on March 9, 1984, filed a motion to withdraw *610 the funds in excess of the judgment from the court registry. After a hearing, the trial court held that plaintiff was not entitled to the deposited funds in excess of the amount of the previous judgment. The court found that the motivating intent of the deposit was to discourage further litigation and to obtain dismissal of the lawsuit by the plaintiff and obviously, there could be no dismissal after the appellate judgment became executory. The court further found another purpose of the deposit was to demonstrate the reasonableness of the compromise effort made earlier by defendants which was rejected by the plaintiff and to accede to plaintiffs demands for the full amount of the funds would in effect reward plaintiff’s unreasonable refusal of the defendants’ compromise.
On appeal, the primary issue before this court is whether the plaintiff is entitled to withdraw the total deposit from the registry of the court even though that sum is in excess of the final judgment.
To determine this issue, it is necessary to examine the exact nature of and intent behind the deposit. Plaintiff argues that the deposit is in effect a real tender and consignment pursuant to LSA-C.C. Art. 2167 et seq.[1], whereas the defendants argue that the deposit was actually an offer which was never timely accepted by the plaintiff.
The language of the defendants’ motion by which the funds were deposited into the registry of the court illustrate the exact nature of the deposit. The motion clearly states that the funds were being offered to compromise the claim and to encourage voluntary dismissal of the lawsuit. While the motion stated that the funds could be withdrawn at any time without prejudice to plaintiff’s rights in the lawsuit, the import of the motion makes it clear that the funds deposited were intended only as an offer to plaintiff to settle his claim and to dismiss the law suit.
It is implicit in the motion that the offer could be accepted and funds withdrawn at any time during the pendency of the lawsuit. Plaintiff chose not to withdraw these funds in settlement of his claim but rather chose to voluntarily prosecute his action until final judgment. Thus, defendants’ offer was never timely accepted by the plaintiff.
In a similar case, Mitchell v. Jackson, 250 So.2d 540 (La.App. 3rd Cir.1971), defendant sought to withdraw tendered funds after the abandonment and dismissal of plaintiff’s action. Defendant had admitted owing plaintiff a certain amount which was deposited in the registry of the court to pay plaintiff’s claim in full.
The court found that when plaintiff did not accept the tender and allowed his suit to be dismissed, he abandoned his right to judgment for the amount deposited in the registry of the court. It is apparent in the opinion of the court that the tender was in the nature of an offer to the plaintiff which was not timely accepted by him before dismissal of the action.
The settlement offer in the instant case appears to have been made, as in Mitchell v. Jackson, supra, to pay the plaintiff’s claim in full. The court in Mitchell v. Jackson, supra, noted that the fact that the sum tendered was for less than the amount demanded would deprive the tender from being characterized as legal tender under LSA-C.C. Art. 2168(3)[2]. In this case, the *611 amount originally demanded by plaintiff in his workers’ compensation action was substantially greater than the amount of the defendants’ offer.
Plaintiff points to the original judgment of this court which did not award plaintiff attorney’s fees or statutory penalties and appears to argue that because defendants received this benefit from the deposit of the funds, then they should not be entitled to recover the excess.
This argument is without merit. The defendants placed the funds in the registry of the court as an offer and these funds were made available to plaintiff to accept at any time during the pendency of the lawsuit. The failure of this court to award statutory penalties and attorney’s fees was not solely based upon the fact that defendants had deposited funds in the registry of the court. Rather, the court found the defendants were not arbitrary and capricious in refusing to pay benefits under all of the circumstances of the case. The fact that the defendants had placed money in the registry of the court was simply one of several circumstances demonstrating defendants’ actions were not arbitrary and capricious.
Plaintiff asserts that he voluntarily ceased further prosecution of his action due to defendants’ assurances that the money would not be withdrawn or “tampered with”. However, there is no evidence in the record which indicates that defendants made any misrepresentations to plaintiff as to the availability of the entire amount of the deposit so as to cause him to fail to take further action, thus allowing the judgment to become final.
For these reasons, the judgment of the trial court in favor of defendants, George Cole Chevrolet, Inc., Terry Burke Chevrolet, Inc. and Commercial Union Insurance Company, is affirmed at plaintiff’s costs.

. The substance of these articles has been redes-ignated as LSA-C.C. Arts. 1869-1871, effective January 1, 1985.

. Art. 2168. To make a real tender valid, it is necessary:
1. That it be made to the creditor having capacity to receive it.
2. That it be made by a person capable of paying.
3. That it be for the whole of the sum de-manable [demandable], of the arrearages of interest due, for the liquidated costs, and for a sum towards the costs not liquidated, the deficit of which sum is hereafter to be made up.
4. That the term be expired, if it has been stipulated in favor of the creditor.
5. That the condition on which the debt has been contracted be fulfilled.
6. That the tender be made in the place agreed upon for the payment, or that, if there be *611 no special agreement as to the place of payment, it be made either to the creditor himself, or at his dwelling, or at the house chosen for the execution of the agreement.