626 So.2d 6 (1993)
Bill Martin KIMBLE, et ux.
v.
Donna REASON, et al.
No. 92 CA 0405.
Court of Appeal of Louisiana, First Circuit.
October 15, 1993.
*7 Bill Martin Kimble, in pro. per.
Henry R. Terhoeve, Baton Rouge, for defendant-appellee Donna Reason, State Farm Mut. Auto Ins.
Before SHORTESS, CARTER, LeBLANC, WHIPPLE and PITCHER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment in a suit for damages arising out of an automobile accident.

FACTS
On June 27, 1986, plaintiff Bill Kimble was traveling in a westerly direction on Florida Boulevard in Baton Rouge when he was rear-ended by an automobile being driven by Donna Reason. As a result of the collision, Kimble allegedly sustained serious personal injuries and property damage to his vehicle.
On June 10, 1987, Kimble and his wife filed a suit for damages against Donna Reason, driver of the automobile which rear-ended him; Randy Reason, owner of the automobile; and State Farm Mutual Automobile Insurance Company (State Farm), liability insurer of the automobile.
Sometime thereafter, the parties allegedly entered into a settlement agreement, whereby the defendants agreed to pay plaintiffs $16,500.00, plus court costs incurred through the date of trial, for a release of all claims. State Farm subsequently issued a settlement check to plaintiffs, and the check was sent to plaintiffs' attorney on April 18, 1989. However, the check was returned, and plaintiffs claimed that they had not reached an agreement to settle their claim for damages against the defendants. On June 29, 1989, defendants filed a motion to enforce the settlement agreement, which was denied.
*8 On October 23, 1989, the Reasons and State Farm filed a Petition for Concursus against Mr. and Mrs. Kimble and their attorney, Frederick Stolzle, Jr. The petition alleged that a settlement in the amount of $16,500.00 had been reached between the parties. In the petition for concursus, State Farm admitted liability in the amount of $16,500.00 and sought to deposit that sum into the registry of the court.[1] The trial court granted leave for State Farm to deposit the sum of $16,500.00 into the registry of the court. On August 22, 1990, Stolzle, who had previously withdrawn as the Kimbles' attorney, filed a petition of intervention for attorney's fees.
On January 14, 1991, the trial on the merits of the Kimbles' tort claims against Donna Reason and State Farm was held.[2] The jury returned a verdict, finding that Donna Reason was solely at fault in causing the accident and awarded Mr. Kimble $6,100.00 in damages, which were itemized as follows:

(a) Property damage to car $1,250.00
(b) Past & Future medical expenses $1,850.00
(c) Permanent disability $ -0-
(d) Past & future mental pain and suffering $3,000.00

The jury did not award Mrs. Kimble any damages for loss of consortium.
Thereafter, State Farm filed a motion to withdraw funds from the registry of the court. On April 26, 1991, a hearing on the motion to withdraw funds and the petition for attorney's fees was held. The trial court denied State Farm's motion to withdraw the funds and awarded Stolzle attorney's fees in the amount of $2,500.00, plus $1,000.00 for expenses. The trial court further awarded State Farm $378.00 as reimbursement for court costs and ruled that the Kimbles were entitled to the remaining funds on deposit in the court's registry, plus interest.
On July 1, 1991, the trial court rendered judgment in favor of State Farm and the Reasons, dismissing all claims against them. The court cast State Farm and the Reasons for all costs incurred prior to October 23, 1989 (the date of the filing of the Petition for Concursus), and the Kimbles were cast for all court costs incurred after that date. The judgment also held that the $16,500.00 previously deposited by State Farm and the Reasons could not be withdrawn by the depositing parties. The court then ordered that the deposited funds be disbursed as follows:
1. $3,500.00 to Frederick A. Stolzle, Jr.;
2. $378.00 to State Farm as reimbursement of costs; and
3. Balance, plus any interest, to the Kimbles and their attorney.
From this judgment the Kimbles appealed, contending that the trial court erred in the following respects: (1) not allowing a consolidation of this case with a second action filed by the Kimbles;[3] (2) excluding certain evidence; (3) ordering a concursus proceeding; (4) awarding Stolzle $3,500.00;[4] and (5) awarding inadequate damages.
State Farm answered the appeal, alleging as error the trial court's denial of its motion to withdraw the deposited funds in excess of the jury's verdict.

CONSOLIDATION
The Kimbles contend that the trial court abused its discretion in refusing to consolidate his two suits. They argue that the jury was confused as to which injuries and medical expenses arose from the two accidents in which Kimble was involved.
LSA-C.C.P. art. 1561 provides that, when two or more separate suits involving a common issue of law or fact are pending in the *9 same court, the court, at any time prior to trial, may order the consolidation of the suits for trial or may order a joint trial of any of the common issues. However, the language granting the court the power to consolidate is discretionary in nature. Alleman v. Joffrion, 411 So.2d 1142, 1144 (La.App. 1st Cir.), writ denied, 415 So.2d 945 (La.1982).
We find no abuse of the trial court's discretion in not consolidating the Kimbles' action against the Reasons and State Farm with any action they may have against the owner of the store in which Kimble allegedly slipped and fell.[5]

EXCLUSION OF EVIDENCE
The Kimbles contend that the trial court erred in excluding the testimony and medical bills of Dr. Joseph Bowles, a chiropractor at Gavin Chiropractic Clinics. The Kimbles reason that, as a result of the exclusion of Dr. Bowles testimony and evidence of the medical expenses incurred during his treatment by Dr. Bowles, they were not permitted to recover some $2,500.00 in medical expenses.
Generally, when the court rules against the admissibility of any evidence, the court shall either permit the party to make a complete record thereof or permit the party to make a statement setting forth the nature of the evidence. LSA-C.C.P. art. 1636. See McLean v. Hunter, 495 So.2d 1298, 1305 (La.1986); Scurto v. Siegrist, 598 So.2d 507, 510 (La.App. 1st Cir.), writ denied, 600 So.2d 683 (La.1992); Menzie Tile Company, Inc. v. Professional Centre, 594 So.2d 410, 415 (La. App. 1st Cir.1991), writ denied, 600 So.2d 610 (La.1992); Joseph v. Mid-American Indemnity Co., 532 So.2d 347, 348 (La.App. 3rd Cir.1988). Moreover, when a party who contends that evidence was improperly excluded fails to make a proffer of that evidence, he cannot complain on appeal of its exclusion. Engineered Mechanical Services, Inc. v. Langlois, 464 So.2d 329, 340 (La.App. 1st Cir.1984), writ denied, 467 So.2d 531 (La. 1985).
However, in the instant case, counsel for the Kimbles did not attempt to introduce the testimony of Dr. Bowles nor did he attempt to introduce the bills for the medical services received from the Gavin Chiropractic Clinics. Although it is unclear from the record precisely what occurred, it appears that the Kimbles' counsel did not attempt to introduce this evidence because of his belief that Dr. Bowles was not licensed to practice in the state. As a result, the trial judge was not called upon to determine the admissibility of the documentary evidence or testimony.
Therefore, we find that there is nothing for the appellate court to review with regard to this evidence, and there is no merit to the alleged error.

SUFFICIENCY OF DAMAGE AWARD
The Kimbles contend that the trial court abused its discretion in awarding Kimble only $3,000.00 for past and future physical pain and suffering.
In the assessment of damages, the trial court has much discretion. LSA-C.C. art. 2324.1. Before a court of appeal can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its much discretion in making its award. Callender v. Delchamps, Inc., 542 So.2d 140, 144 (La.App. 1st Cir.1989). The initial inquiry must always be directed at whether the trial court's award for the particular injuries and their effects upon this particular injured person is a clear abuse of the trier of fact's much discretion. Reck v. Stevens, 373 So.2d 498, 501 (La.1979). Recently in Hae Woo Youn v. Maritime Overseas Corp. et al, 623 So.2d 1257 (La.1993), the Louisiana Supreme Court noted that:
[T]he discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of *10 fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
In the instant case, Kimble testified that, after the automobile accident, he experienced burning and stiffness in his neck. Although he rested that evening, the next morning he was stiff and sore and sought chiropractic care. Kimble continued to have back and neck problems until a slip and fall accident in November of 1986. His back and neck pain increased for approximately one week after the fall and then returned to the prior level. Kimble also complained of loss of grip strength in his right hand.[6]
Dr. Thomas Flynn examined Kimble on September 16, 1986, three months following the automobile accident, but prior to the slip and fall accident. Dr. Flynn found no objective evidence of disk herniation or other significant abnormality, and Dr. Flynn opined that Kimble suffered a mild strain of the cervical and lumbar musculature.
After reviewing the record, we cannot say that the award is beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances. Therefore, we conclude that the jury did not abuse its discretion in awarding Kimble $3,000.00 in damages for this condition, and this alleged error is without merit.

CONCURSUS
In its answer to the appeal, State Farm contends that the trial court erred in denying its motion to withdraw the funds deposited into the court's registry pursuant to the concursus proceeding. State Farm reasons that the jury verdict was far below the amount deposited into the registry of the court and that, therefore, it is entitled to withdraw the excess funds. In support of its position, State Farm relies on Canada v. Myers, 511 So.2d 1223, 1227 (La.App. 2nd Cir.), writ denied, 514 So.2d 1181 (La.1987); Woodard v. George Cole Chevrolet, Inc., 468 So.2d 608, 610-11 (La.App. 2nd Cir.), writ denied, 470 So.2d 881 (La.1985); and Mitchell v. Jackson, 250 So.2d 540, 542 (La.App. 3rd Cir.1971).
However, the facts of these cases are clearly distinguishable from the facts presented in the instant case. In Canada, the funds were deposited and the motion and order were carefully phrased so as not to admit liability. In Woodard, there was no admission of liability, and it was clear that the funds were being offered to compromise a claim and to encourage voluntary dismissal of the lawsuit. In Mitchell, there was an attempt to withdraw tendered funds after the abandonment and dismissal of the plaintiff's action. Clearly, none of these cases supports the proposition that a deposit of funds, together with a judicial confession of liability, does not bind the depositor up to the amount deposited.
In the instant case, in Paragraph 7 of State Farm's petition for concursus, State Farm alleged the following:
Petitioners herein admit liability to the defendants in the concursus, to the sum of, and only to the sum of, $16,500.00, and desires leave of court to deposit the amount thereof, $16,500.00, into the Registry of this court, and to implede [sic] the defendants in the concursus to assert their respective claims to these funds contradictorily against each other. (Emphasis added).
Paragraph 7 of State Farm's petition is clearly a judicial admission of liability. Generally, an admission in a pleading constitutes a judicial confession and is full proof against the party making it. LSA-C.C. art. 1853; Starns v. Emmons, 538 So.2d 275, 279 (La. 1989); Smith v. Board of Trustees of Louisiana School Employees Retirement System, 398 So.2d 1045, 1047 (La.1981); Polk Chevrolet, Inc. v. Webb, 572 So.2d 1112, 1115 (La. App. 1st Cir.1990), writ denied, 575 So.2d 394 (La.1991); Crown Zellerbach Corporation v. Louisiana Workmen's Compensation Second Injury Board, 481 So.2d 650, 652 (La.App. *11 1st Cir.1985), writ denied, 483 So.2d 1021 (La.1986).
Moreover, in its petition for concursus, State Farm included the following language in its prayer:
For judgment relieving petitioners of all liability to all of the defendants in the concursus for the money deposited into the Registry of the court (it being specifically stated however that this money is herein tendered unconditionally to the defendants in the concursus subject however to their competing claims). (Emphasis added).
The law is clear that an unconditional payment may not be reclaimed. An accepted, unconditional tender of funds an insurer reasonably believes it owes is not refundable, absent some fraud or ill practices. State Farm Mutual Automobile Insurance Company v. Azhar, 620 So.2d 1158, 1160 (La. 1993).
While State Farm's assessment of the value of the Kimbles' claim was above that of the jury's award and represented a possible error in judgment, State Farm evaluated the claim, admitted liability in the amount of $16,500.00, and made an unconditional payment of this amount into the registry of the court, which cannot now be recovered.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is affirmed. Costs are assessed equally between the Kimbles and State Farm.
AFFIRMED.
LeBLANC, J., affirms in part and dissents in part and assigns reasons.
LeBLANC, J., dissenting.
I respectfully dissent from that portion of the majority opinion addressing the concursus proceeding issue.
Prior to trial, the defendants offered $16,500.00 in settlement for plaintiffs' claim in full; however, this offer was not accepted by plaintiffs. Defendants' motion to enforce the settlement was denied, and defendants then petitioned the court seeking a concursus proceeding. The concursus petition contained an admission of liability by State Farm, stating:
Petitioners herein admit liability to the defendants in the concursus, to the sum of, and only to the sum of, $16,500.00, and desires leave of court to deposit the amount thereof, $16,500.00, into the Registry of this court....
La.C.C.P. arts. 4651-4662 regulate and govern the procedure for invoking a concursus. La.C.C.P. art. 4652 identifies the claimants who may be impleaded and states:
No person claiming damages for wrongful death or for physical injuries may be impleaded in a concursus proceeding, except by a casualty insurer which admits liability for the full amount of the insurance coverage, and has deposited this sum into the registry of the court. (emphasis added)
State Farm only admitted liability in the amount of $16,500.00, not $25,000.00, the full amount of the policy coverage as required by La.C.C.P. art. 4652. In addition, State Farm failed to deposit the required "full amount of the insurance coverage" with the court; instead, depositing only $16,500.00.
However, in spite of the plaintiffs' objections, the trial court ordered a concursus proceeding, then proceeded with the trial on the merits. During the jury trial liability, percentage of fault, and quantum were fully litigated and a verdict was returned.
It was error for the trial judge to order a concursus proceeding when the codal requirements for a concursus had not been met. Moreover, after a full trial on the merits with all parties participating and all issues fully litigated, the earlier order granting a concursus proceeding was of no effect.
As a result, I would grant State Farm's motion to withdraw the deposited funds.
NOTES
[1] In its petition, State Farm alleged the following:

Petitioners herein admit liability to the defendants in the concursus, to the sum of, and only to the sum of, $16,500.00, and desires leave of court to deposit the amount thereof, $16,500.00, into the Registry of this court, and to implede [sic] the defendants in the concursus to assert their respective claims to these funds contradictorily against each other.
[2] Prior to trial, plaintiffs' claims against Randy Reason were dismissed.
[3] The second action arose out of a slip and fall in November of 1986, when Kimble, while shopping at a local food store, allegedly slipped and fell, sustaining injuries to his knee.
[4] The Kimbles did not brief this alleged error; therefore, it is deemed abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
[5] We also note that there is nothing in the record to indicate that the Kimbles ever requested the consolidation.
[6] Diagnostic tests performed after Kimble's slip and fall accident showed a bulging disk at L4-5 and degenerating disk material at L5-S1 and L4-5, but surgery was not indicated. Rather, physical rehabilitation and therapy were planned.