PAINTER, Judge.
 

 | Plaintiff, Bryce Mouton, appeals the trial court’s refusal to award him any damages in this automobile accident case. For the following reasons, we affirm the trial judge’s finding that Plaintiff failed to prove causation as to his alleged TMJ injury, reverse the trial judge’s finding that the accident was not the cause in fact of any damages to Mouton, and render judgment in favor of Mouton in the amount of $2,458.31 for medical expenses and $2,500.00 for general damages for his back injury.
 

 FACTS AND PROCEDURAL HISTORY
 

 This appeal arises out of an automobile accident that occurred on September 8, 2008. On that date, Mouton was driving a 2005 Buick LeSabre, owned by his mother, east on Egan Road in Crowley, Louisiana. He had two passengers in the vehicle with him.
 
 [1]
 
 He stopped at a red light at the intersection of Egan Road and N. Parker-son Avenue and was directly behind a 2001 Ford F-350 owned by Par Electrical Contractors, Inc. and driven by Ryan L. Tiede. When Tiede noticed that an eighteen-wheeler was attempting to make a left turn to go west on Egan Road, he began to back up in order to avoid what he thought might be a collision between his vehicle and the eighteen-wheeler. Tiede’s vehicle collided with the vehicle being driven by Mouton. Mouton alleged that Tiede was ticketed for “improper backing” by the Crowley Police Department; however, in his trial testimony, Tiede denied being issued any citation as a result of the accident.
 

 Mouton did not request medical attention at the scene of the accident and drove from Crowley to his home in Lafayette, Louisiana, immediately after the accident. Mouton alleges that on the drive to Lafayette, he began to experience pain and stiffness in his back. Once he arrived in Lafayette, he presented to the ^emergency room at Lafayette General Medical Center where he was diagnosed with a back strain and was given Motrin. Mouton alleges that several days after the accident, he began having jaw pain. Two months later, on November 18, 2008, he sought treatment from Dr. Bryan LeBean, a specialist in internal medicine, who diagnosed him with a lumbar strain and TMJ syndrome. In his deposition, Dr. LeBean testified that Mouton’s straight leg raising testing was negative (which is a normal finding), that there was no evidence of muscle spasm, that there was no limitation on range of motion, that his gait was normal, that there were no deficits in sensation or strength, that no x-rays were required, that the examination of Mouton’s jaw was normal, and that Mouton failed to follow his recommendation for physical therapy.
 

 Mouton filed suit against Tiede, Par Electrical, and Old Republic Insurance Company (the insurer of Par Electrical). The matter proceeded to trial, and the trial judge found that the cause of the
 
 *1248
 
 accident was Tiede’s backing up. However, the trial judge refused to award any damages to Mouton because he was not convinced that the “minor impact was the cause and fact of any damages that Mr. Mouton suffered.” The trial judge further stated that he was “not convinced with the testimony of the plaintiff in this case that he was injured.” The trial judge ordered Defendants to pay costs. This appeal by Mouton followed.
 

 DISCUSSION
 

 Mouton first alleges that the trial judge committed reversible error in failing to rule on his motion in limine before trial. On their exhibit list, Defendants indicated that they would seek to introduce Mouton’s criminal records at trial. Mouton filed a motion in limine prior to trial seeking to have such evidence excluded. The Defendants objected to the timeliness of the motion since the pre-trial order required that motions in limine be made four weeks prior to trial, and |athis motion was not filed until seven days prior to the trial. Over Defendants’ objection, the trial judge considered the matter immediately prior to the beginning of the trial. The trial judge decided to defer the matter to the merits and rule on any objection at the time the issue came up due to Defendants’ argument that there were issues regarding Mouton’s use of both legal and illegal drugs. Mouton now claims that the trial judge allowed defense counsel to question him about his marijuana conviction during the merits of the trial in contravention of La.Code Evid. art. 609 because his conviction was more than ten years old. Mouton cites the following colloquy:
 

 Q: Have you ever been convicted of marijuana usage?
 

 Mr. Joseph: Objection your Honor.
 

 Ms. Sims: I think the relevance is his motive in treating with his physician
 

 [[Image here]]
 

 Mr. Joseph: ... were [sic] going to revert back to the [C]ode of Evidence in regards to those conviction.
 

 The Court: Yeah. I’m going to sustain the objection as not being relevant.
 

 Clearly, the trial judge sustained the objection and did not allow any evidence of prior criminal convictions into evidence. Therefore, we find this argument to be without merit.
 

 Next, Mouton argues that the trial judge committed reversible error in a “trial by ambush” by allowing trial testimony from a Facebook page that was not previously listed in Defendants’ witness and exhibit list. In order, to preserve an evidentiary issue for review by this court, the complaining party must enter a contemporaneous objection to the evidence or testimony and state the reasons therefor.
 
 See Etcher v. Neumann,
 
 00-2282 (La.App. 1 Cir. 12/28/01), 806 So.2d 826,
 
 writ denied,
 
 02-905 (La.5/31/02), 817 So.2d 105. We agree with Defendants 14that Mouton failed to make a contemporaneous objection at trial, and, as such, he is barred from now challenging this line of questioning on appeal. Therefore, this assignment of error is not properly before this court.
 

 Whether or not to admit impeachment evidence is a decision that falls within the discretion of the trial court.
 
 State v. Tauzin,
 
 38,436 (La.App. 2 Cir. 8/18/04), 880 So.2d 157. In this instance the trial judge sustained Mouton’s objection to the introduction of the Facebook page into evidence. Thus, we find no merit to Mouton’s argument regarding same.
 

 Finally, Mouton asserts that the trial judge abused his discretion when he concluded that the accident resulted in a minor impact with minor property dam
 
 *1249
 
 ages which could not cause any injury to him. Defendants argue that there is no objective evidence that any injuries resulted from this minor accident. The trial judge found that he “was not convinced with the testimony of the plaintiff in this case that he was injured” and that “in reading the medical report of Dr. LeBean, there was [sic] only subjective findings, meaning only complaints made of these things, and no spasms or anything to verify that there was [sic] any damages caused by it.”
 

 Mouton argues that the abuse of discretion applies when this court examines a fact finder’s award of damages. Defendant, on the other hand, argues that Mouton failed to prove that he sustained any injuries as a result of the accident and that the manifest error standard of review applies. We disagree with both. In this case, the trial judge did not reach the issue of damages because he determined that the accident did not cause any injuries to Mouton. In
 
 LeBlanc v. Stevenson,
 
 00-157, p. 6 (La.10/17/00), 770 So.2d 766, 771-72, our supreme court stated:
 

 Having determined that the trial court was manifestly erroneous in finding that LeBlanc’s injuries were not caused by Stevenson’s actions, we must now consider an award of damages. Where a fact lafinder does not reach an issue because of an earlier finding which disposes of the case, the court of appeal, in reversing the earlier finding, must make a
 
 de novo
 
 determination of the undecided issues from the facts in the record.
 
 Lasha v. Olin Corp.,
 
 625 So.2d 1002 (La.1993);
 
 Austin v. Fibrebond Corp.,
 
 25,565 (La.App. 2 Cir. 2/23/94), 638 So.2d 1110,
 
 writ denied,
 
 94-1326 (La.9/2/94), 643 So.2d 149. The reviewing court must make an award that is just and fair for the damages revealed by the record, where the trial court, as here, has made no award for damages.
 
 Dundas v. Real Superstore,
 
 94-979 (La.App. 3 Cir. 2/1/95), 650 So.2d 402,
 
 writ denied,
 
 95-0470 (La.4/28/95), 653 So.2d 590. Thus, the court of appeal conducted a
 
 de novo
 
 review of the record to ascertain whether LeBlanc was entitled to damages.
 

 Thus, we first apply the manifest error standard of review to the trial judge’s finding that Mouton did not suffer any injuries causally related to the accident in question. “The plaintiff bears the burden of proving both his injuries and a causal connection between the injuries and the tort, by a preponderance of the evidence.”
 
 Cash v. Charter Mktg. Co.,
 
 607 So.2d 1036, 1039 (La.App. 3 Cir.1992). There is no dispute that Mouton went the emergency room soon after the accident and that he was diagnosed with a back strain. Defendants presented no evidence to show that this emergency room visit was related to anything other than the subject accident. Our review of the record shows that there is no reasonable factual basis for the trial judge’s finding that Mouton did not suffer any injuries causally related the subject accident. Accordingly, we find the trial judge’s ruling manifestly erroneous, reverse that ruling, and proceed to a de novo review to determine an award of damages that is just and fair.
 
 LeBlanc,
 
 770 So.2d 766.
 

 Despite Mouton’s argument that the minimal force of the collision causing the injuries is of no material importance, we note that in determining damages, the finder of fact may consider the minimal nature of the accident.
 
 Coleman v. U.S. Fire Ins. Co.,
 
 571 So.2d 213 (La.App. 3 Cir.1990);
 
 Fletcher v. Langley,
 
 93-624 (La.App. 3 Cir. 2/2/94), 631 So.2d 693,
 
 writ denied,
 
 94-521 (La.4/7/94), 635 So.2d 1139. In this case, the evidence of minimal property damage as well as the |6testimony of Tiede supports the conclusion that the col
 
 *1250
 
 lision was slight. We agree that “[significant injuries can and do result from collisions with minimal force.”
 
 Velasquez v. Richard,
 
 243 So.2d 308, 309 (La.App. 4 Cir.1971). Mouton testified that the collision caused him to be jerked back and forth. Mouton’s treating physician, Dr. LeBean, testified by deposition, that Mouton complained of back and jaw pain after the subject accident. Dr. LeBean testified that the musculoskeletal examination of Mouton’s back was abnormal and that he diagnosed Mouton with a lumbar strain and TMJ syndrome. Mouton saw Dr. Le-Bean on five occasions over a ten-month period. We do note that Mouton missed several appointments and attended only one therapy visit. There was no evidence that Mouton had been injured before this accident. Neither was there any evidence that Mouton was injured in any manner other than this accident. However, Dr. LeBean also testified that from an objective standpoint, he did not find any evidence that showed, more probably than not, that Mouton had a jaw injury. Therefore, he proved minimal damages as to his back injury only.
 

 Mouton asks us to award him past medical expenses in the amount of $2,458.31. We find that amount to be supported by the record in that the charge from Lafayette General Medical Center was $289.00, Dr. LeBean’s charges were $865.00, and his pharmacy bills were $1,304.31. Mouton also asks that we award $35,000.00 for pain and suffering and $5,000.00 for loss of enjoyment of life. We do not find such an award to be supported by the record. Instead, we award $2,500.00 in general damages, as we find that amount to be fair and reasonable for a minor soft-tissue injury of short duration.
 
 See Hamilton v. Wild,
 
 40,410 (La.App. 2 Cir. 12/14/05), 917 So.2d 695, wherein the plaintiff was awarded $1,500.00 for a soft-tissue injury of nine-months duration;
 
 Kimble v. Reason,
 
 626 So.2d 6 (La.App. 1 Cir.1993), wherein the plaintiff was awarded $3,000.00 for a 17soft-tissue injury of six-months duration; and
 
 Collins v. Bentley,
 
 24,457 (La.App. 2 Cir. 10/26/94), 645 So.2d 283, wherein the plaintiff was awarded $2,000.00 for a soft-tissue injury of a three-month duration. We do not award any damages for the alleged TMJ syndrome as there is no evidence that this was causally related to the accident in question or that Mouton received any treatment or therapy related thereto.
 

 DECREE
 

 For all of the foregoing reasons, we affirm the trial judge’s finding that Plaintiff failed to prove causation as to his alleged TMJ injury. However, the trial court’s finding that the accident was not the cause in fact of any damages to Mouton is reversed. We hereby render judgment in favor of Mouton in the amount of $2,458.31 in medical expenses and $2,500.00 in general damages for his back injury. Costs of this appeal are assessed to Defendants/Appellees, Old Republic Insurance Company, Par Electrical Contractors, Inc., and Ryan L. Tiede.
 

 AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
 

 [1]
 

 . Neither of the two passengers testified at trial.